IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cr-30041 |
| | ) | |
| CHARLES HANEY, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Charles Haney's pro se (d/e 94) and amended motion for compassionate release (d/e 95) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motions are DENIED.

I. BACKGROUND

On August 6, 2015, Defendant was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). See Indictment, d/e 8. On September 30, 2015, Defendant pled guilty to the Indictment. On March 8, 2016, Defendant was sentenced to 180 months' imprisonment and 2 years of supervised release. See

Judgment, d/e 28. Defendant appealed his sentence. On November 18, 2016, the United States Court of Appeals for the Seventh Circuit vacated Defendant's sentence and remanded the case for resentencing. See Mandate, d/e 46. On April 26, 2017, Defendant was resentenced to 96 months' imprisonment and 3 years of supervised release. See Judgment, d/e 74. On April 28, 2017, Defendant's sentence was corrected to note that the 96 months' imprisonment is to run concurrently to any sentence imposed in the Defendant's Pennsylvania parole violation under Court of Common Pleas of Armstrong County, Pennsylvania, Docket No. 1988-0159 with all supervised release and special assessment to remain as previously imposed. See Amended Judgment, d/e 77.

Defendant is currently incarcerated at FCI Forrest City Low and has a projected release date of April 22, 2022. As of February 17, 2021, the Bureau of Prisons (BOP) reports that FCI Forrest City Low currently has 1 inmate and 29 staff members with active cases of COVID-19. See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed February 17, 2021).

On February 8, 2021, Defendant filed a pro se motion for

compassionate release (d/e 94) pursuant to 18 U.S.C. § 3582(c)(1)(A). On February 11, 2021, following the appointment of defense counsel to represent Defendant, an amended motion for compassionate release (d/e 95) was filed. Defendant seeks compassionate release based on his health conditions and the COVID-19 pandemic.

On February 15, 2021, the Government filed a response objecting to Defendant's motion for compassionate release. See d/e 99. The Government argues that Defendant is not entitled to compassionate release because Defendant's health and the COVID-19 pandemic do not rise to the level of extraordinary and compelling reasons and a reconsideration of the 18 U.S.C. §3553(a) factors do not warrant a reduction.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate's request was received by the BOP, whichever is earlier. The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the

Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Seventh Circuit has held that the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) "is a mandatory, claim-processing rule and therefore must be enforced when properly invoked." <u>United States v. Sanford</u>, No. 20-2445, 2021 WL 236622, at *3 (7th Cir. 2021).

In this case, Defendnat submitted a request to the warden of FCI Forrest City Low on November 23, 2020, which was over 30 days ago, but the request has not been processed. <u>See</u> Request, d/e 95-1.  The Government did not contest that Defendant has exhausted his administrative remedies.  <u>See</u> Response, d/e 99.  The Court finds that Defendant has met the 30-day requirement found in 18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.  The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of

the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene, social distancing, and isolation. Social distancing can be difficult for individuals living in a prison.

Defendant argues that the presence of the disease at his facility warrants immediate release. While the Court recognizes that COVID-19 has infected his current facility, FCI Forrest City Low, the COVID-19 pandemic alone does not constitute "extraordinary and compelling reasons" warranting a reduction in his term of imprisonment. See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed February 17, 2021). As of February 17, 2021, the facility currently has 1 inmate and 29 staff members with COVID-19. Id. The facility has had 742 inmates and 4 staff members recover from the disease and has not experienced any deaths after having 746 recovered inmates and staff members. Id. FCI Forrest City Low is not experiencing a serious outbreak of COVID-19 at this time. The facility is commended for its handling and controlling of the disease.

Moreover, as of February 17, 2021, the Forrest City complex has fully vaccinated 123 inmates and 175 staff members. See

COVID-19 Vaccine Implementation, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed February 17, 2021). Based on the information provided by counsel for the Government and a counselor from the facility discussed at the hearing on February 17, 2021, Defendant is in the current priority group eligible for the COVID-19 vaccine. However, the facility currently does not have any vaccines available. The Court requests that Defendant have first priority to receive the COVID-19 vaccine once more arrive to the facility and that it be done in an expeditious manner.

    Defendant also argues that if he contracts COVID-19, he will be at a higher risk of contracting serious complications or death due to his underlying health conditions. Defendant is a 66-year-old male who suffers from type 2 diabetes and hepatitis C and is overweight. See BOP Records, d/e 100. Defendant argues that he suffers from chronic bronchitis, but the medical records do not indicate he has been treated for bronchitis recently. Id. Additionally, Defendant has not presented any evidence of scarring from his hepatitis C. While type 2 diabetes places Defendant at an increased risk of serious illness or death if he contracts COVID-19,

the combination of his health conditions does not rise to the level of extraordinary and compelling reasons that warrant release. See People with Certain Medical Conditions, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed February 17, 2021) ("Adults of any age with the following conditions are at increased risk of severe illness from the virus that causes COVID-19: . . . Type 2 diabetes mellitus.").

The Court must also reconsider the 3553(a) factors. Defendant has a serious criminal history exhibiting violent behavior. In April 1988, Defendant shot several individuals inside of a bar while on parole for armed bank robbery. Thereafter, he continued to have violent tendencies. Defendant joined the Outlaws Motorcycle Club, and, as of 2015, prior to the arrest of the underlying conduct, Defendant was considered an enforcer of the Decatur chapter. The Court is concerned with Defendant's criminal history and circumstances surrounding the underlying conduct. Moreover, Defendant has only served 67 months of his 96-month imprisonment sentence. The Court finds that Defendant still poses a risk to the community if released.

Based on a reconsideration of the 3553(a) factors and the nature and circumstances of the offense, the Court finds that Defendant is not entitled to compassionate release.

### III. CONCLUSION

For those reasons, Defendant Charles Haney's pro se motion (d/e 94) and amended motion for compassionate release (d/e 95) are DENIED.  The Court requests that Defendant have first priority to receive the COVID-19 vaccine once more arrive to the facility and that it be done in an expeditious manner.  The Clerk is DIRECTED to send a copy of this Opinion to FCI Forrest City Low.

**ENTER:  February 18, 2021**

*s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**